UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:18-CR-017 |
| | ) | |
| KENNETH LEE SHOLTZ | ) | |

**MEMORANDUM AND ORDER**

The defendant has pled guilty to conspiring to conspiring to distribute and possess with the intent to distribute methamphetamine, and to possessing a firearm in furtherance of a drug trafficking crime. He will be sentenced on November 14, 2019.

The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 1236] to which the defendant has filed two objections to the calculation of his criminal history score. [Docs. 1280, 1327]. The probation office has also filed its PSR Addendum. [1355]. For the reasons that follow, the defendant's first objection will be sustained and his second objection will be overruled.

I.

*Objection One*

At paragraph 47, the PSR assigns one criminal history point for a 2016 Reckless Conduct conviction in the Chattooga County General Sessions Court, for which the defendant received a sentence of 12 months' probation. According to the PSR, "[t]he defendant was initially charged with Driving Under the Influence but pled to the reduced charge of Reckless Conduct."

The defendant objects, citing United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 4A1.2(c)(1). That guideline provides in relevant part that sentences for careless or reckless driving, "and offenses similar to them, by whatever name they are known," are not counted in a defendant's criminal history score unless the conviction resulted in a prison sentence of at least 30 days or a probation term of *more than* one year. U.S.S.G. § 4A1.2(c)(1) (2018).

The Court has reviewed the available state court records and finds that the defendant's objection should be sustained. The defendant was initially charged with "D.U.I. Alcohol" but pled to the reduced charge of Reckless Conduct. It is true, as pointed out by the probation office, that "[c]onvictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are always counted, without regard to how the offense is classified." U.S.S.G. § 4A1.2 cmt. n.5. But while the defendant was indeed initially charged with D.U.I., he was not ultimately convicted of an offense similar to that crime. He was instead convicted of Reckless Conduct, which on the limited record before the Court is far more akin to "careless or reckless driving."

Probationary sentences for careless or reckless driving (or similar offenses by whatever name they are known) are not tallied in a defendant's criminal history score unless the probationary sentence exceeded one year. U.S.S.G. § 4A1.2(c)(1). The instant defendant's challenged probationary sentence was only 12 months. Thus, it did not exceed one year. No criminal history points should be assigned for the conviction at PSR paragraph 47. The defendant's first objection will be sustained, and his criminal history point total will be reduced by one.

## II.

### *Objection Two*

Next, the defendant objects to paragraph 46 of his PSR. There, he is assigned two criminal history points for a 2008 Chattooga County sentence of 90 days' imprisonment for Driving Under the Influence and Leaving the Scene of an Accident. The defendant alleges "that he did not serve the 90 day sentence imposed in this case but worked with drug task force officers in place of incarceration. It appears that Mr. Sholtz would receive one criminal history point for these convictions under 4A1.1(c)." [Doc. 1327].

Guideline 4A1.1(b) assigns two criminal history points for a "prior sentence of imprisonment" of at least 60 days. Conversely, Guideline 4A1.1(c) adds only one criminal history point for a "prior sentence" not counted in subsection (a) or (b). If a prior sentence of imprisonment was suspended, the term "'sentence of imprisonment' refers only to the portion that was not suspended." U.S.S.G. § 4A1.2(b)(2). Thus, the defendant's second objection would be successful if more than 30 days of his 2008 sentence was indeed suspended.

The Court has again reviewed the available state court records. Those records direct in part that "Defendant shall serve 90 days county jail, day for day, at the direction of the probation officer, but not to interfere with Defendant's work schedule." The state court records make no mention of any part of that sentence having been suspended for any reason. The defendant cannot meet his burden in this case merely by offering unsubstantiated allegations. As he has failed to meet his burden of proof, his second objection will be overruled.

III.

*Conclusion*

As explained herein, the defendant's first objection [doc. 1280] is **SUSTAINED** and his second objection [doc. 1327] is **OVERRULED**. The defendant's criminal history score is reduced from eight to seven, but he remains a criminal history category IV.

Sentencing remains set for November 14, 2019, at 10:15 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge