UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH LEE SHOLTZ<br><br>Defendant. | ) | 2:18-CR-00017-DCLC-CRW |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the parties' Joint Motion Under Guideline Amendment 821, Part A [Doc. 2104]. The parties agree that Defendant is eligible for an eight-month sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821. For the following reasons, this motion is **GRANTED**.

## I. BACKGROUND

On June 13, 2019, Defendant pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine, and one count of possession of a firearm in furtherance of the drug trafficking offense. [*See* Docs. 1029, 1035]. Based on a total offense level of 31 and a criminal history category of IV, Defendant's advisory guideline range for the drug conspiracy offense was 151 to 188 months' imprisonment. Adding the statutorily mandated consecutive 60-month term for the firearm offense yielded an effective guideline range of 211 to 248 months' imprisonment. [Doc. 1236 at ¶¶ 75-77]. The Court sentenced Defendant to a lesser term of 188 months' imprisonment: 128 months for the drug conspiracy, plus 60 months for the firearm offense, having granted a downward departure based

on the Government's motion. [Doc. 1363]. Defendant's projected release is in March 2033. *See* Federal Bureau of Prisons, Inmate Locator, available at https://www.bopgov/inmateloc/ (accessed Sept. 9, 2026)

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" via a retroactively applicable amendment. 18 U.S.C. § 3582(c)(2). When determining whether to grant a sentence reduction under § 3582(c)(2), a court must first "determine the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing," then "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized is warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Part A of Amendment 821, which took effect on February 1, 2024, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence. U.S.S.G. § 1B1.10(d). It amended § 4A1.1 (Criminal History category) so that defendants with six or less criminal history points would no longer receive any status points and those defendants with more than six criminal history points would receive one status point, rather than two. *See* U.S.S.G. § 1B1.10, cmt. 7.

Part B, Subpart 1, of Amendment 821, created a new Chapter 4 guideline at § 4C1.1 (Adjustment for certain zero-point offenders) to provide for a two-level decrease for having

received no criminal history points under Chapter 4, Part A, and who otherwise were not disqualified based on specified aggravating factors.

Defendant is not a zero-point offender. The only issue is the effect of Part A of Amendment 821. At the time of sentencing, Defendant received eight criminal history points, two of which were status points. If he were sentenced today, he would receive no status points, reducing his criminal history points to six. That would place him in criminal history category III, with an amended guideline range of 195 to 228 months' imprisonment (135 to 168 months for the drug conspiracy, plus 60 months for the firearm offense). A comparable reduction to reflect the Government's motion would yield a sentence of 173 months. Defendant's sentence, however, is restricted by the statutory mandatory minimums totaling 180 months.

The parties agree that Defendant is eligible for a sentence reduction down to 180 months, and the Court finds such a reduction to be appropriate in this case. While incarcerated, Defendant has demonstrated a strong effort towards his rehabilitation, completing 56 hours of educational or vocational programming and incurring no disciplinary infractions. The Federal Bureau of Prisons considers him a low risk of recidivism.

Upon consideration of his post-conviction behavior and the 3553(a) factors, the Court finds that a sentence reduction is appropriate as a result of a change in his amended guideline range. After having reviewed the PSR, it is the judgment of the Court that Defendant's sentence should be **REDUCED** to **180 months' imprisonment** based on the parties' joint motion requesting a reduction pursuant to Amendment 821.

## III. CONCLUSION

For the reasons stated herein, the Joint Motion Under Guideline Amendment 821, Part A [Doc. 2104] is **GRANTED** and Defendant's sentence is **REDUCED to 180 months'**

**imprisonment**. Defendant's earlier Motion for Sentence Reduction [Doc. 2087] is **DENIED AS MOOT**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge